[619 NYS2d 305]

In the Matter of A. RICHARD GAMBINO (Admitted as ANGELO RICHARD GAMBINO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 21, 1994

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Gloria A. Bunze* of counsel), for petitioner.

*Weinstein & Weinstein,* Kew Gardens *(Jonathan Weinstein* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with seven allegations of professional misconduct. The Special Referee sustained Charges One through Four and Charges Six and Seven, but did not sustain Charge Five. The Grievance Committee moves to confirm in part and to disaffirm in part the report of the Special Referee. The respondent cross-moves to confirm in part and disaffirm in part different parts of the report.

Charge One alleged that the respondent had been guilty of failing to maintain a duly constituted escrow account and of commingling the funds of clients and others with personal funds in violation of Code of Professional Responsibility DR 9-102 (A) and (B) (22 NYCRR 1200.46 [a], [b]). From in or about 1984 until 1991 (amended to read 1989 until 1991 at the disciplinary proceeding), the respondent maintained an account in which he held funds on behalf of clients and others entrusted to him in escrow. The aforementioned account in the name of A. Richard Gambino or Anne Marie Gambino-Mains (a layperson and the respondent's daughter) was operated in the First Federal Savings and Loan Association of Peekskill. The respondent commingled funds held in escrow on behalf of clients and others with personal funds and repeatedly caused checks to be issued for personal obligations from such account.

Charge Two alleged that the respondent had been guilty of failing to designate his attorney escrow account in a manner sufficient to distinguish it from other accounts in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]). The respondent's escrow account maintained from in or about 1989 until 1991, under the names of A. Richard Gambino or Anne Marie Gambino-Mains, does not bear any designation to distinguish it from other bank accounts, nor was it sufficiently identified to make clear that it was an account in which the funds of clients and others were held.

Charge Three alleged that the respondent had been guilty of permitting an individual not authorized to practice law in the State of New York to be a signatory on his attorney escrow account, in violation of Code of Professional Responsibility DR

9-102 (E) (22 NYCRR 1200.46 [e]). The respondent permitted his daughter Anne Marie Gambino-Mains, a layperson, to be a signatory on his attorney escrow account.

Charge Four alleged that the respondent had been guilty of making withdrawals from his attorney escrow account to cash and not to a named payee in violation of Code of Professional Responsibility DR 9-102 (E) (22 NYCRR 1200.46 [e]). During the period from in or about May 1990 until December 1991, the respondent caused withdrawals to be made to cash and checks issued to cash on his attorney escrow account.

Charge Five alleged that the respondent had been guilty of failing to maintain and/or produce to the Grievance Committee, records for his attorney escrow account in violation of Code of Professional Responsibility DR 9-102 (D), (H) and (I) (22 NYCRR 1200.46 [d], [h], [i]). The respondent was given written notice by the petitioner to produce all checks issued and deposit slips for his attorney escrow account for the period January 1990 through October 1990. In addition, the respondent was advised that the Grievance Committee wanted to review his ledger book or similar record for his attorney escrow account. The respondent failed to maintain and/or produce such records.

Charge Six alleged that the respondent had been guilty of engaging in conduct which adversely reflects on his fitness to practice law by converting and/or failing to account for interest earned on funds entrusted to him to be held in escrow on behalf of clients and others in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [7]). In sworn testimony given at the Grievance Committee offices, on June 25, 1992, the respondent admitted that he did not always pay out the interest earned on funds which he held in escrow.

Charge Seven alleged that the respondent had been guilty of failing to maintain a duly constituted escrow account and of commingling the funds of clients and others with personal funds in violation of Code of Professional Responsibility DR 9-102 (A) and (B) (22 NYCRR 1200.46 [a], [b]). The respondent earned legal fees which he deposited into but did not promptly withdraw from the escrow account. The respondent permitted earned fees to remain in his escrow account along with the funds he was holding on behalf of clients and others.

After a review of the evidence adduced, we find that the

Special Referee properly sustained Charges One through Four and Charges Six and Seven. The Special Referee erred, however, in failing to sustain Charge Five. Accordingly, the petitioner's motion to confirm in part and disaffirm in part is granted. The respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, we have considered the statements of the Special Referee and the mitigation advanced by the respondent. It is therefore the decision of this Court that the respondent be suspended from the practice of law for a period of one year.

MANGANO, P. J., THOMPSON, SULLIVAN, BALLETTA and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the Special Referee's report is granted; and it is further,

Ordered that the respondent's motion to confirm in part and disaffirm in part the Special Referee's report is denied; and it is further,

Ordered that the respondent, A. Richard Gambino, is suspended from the practice of law for a period of one year, commencing December 14, 1994, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, A. Richard Gambino, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.